UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-4862-DMG (PLAx) | Date | July 19, 2022 |
| Title | *Camera 40 Productions, LLC v. Atlantic Specialty Insurance Company* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:    IN CHAMBERS— ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On June 17, 2022, Plaintiff Camera 40 Productions, LLC filed a Complaint in Los Angeles County Superior Court against Defendant Atlantic Specialty Insurance Company, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief. [Doc. # 2-1.] On July 15, 2022, Defendant removed to this Court, invoking diversity jurisdiction. Notice of Removal ("NOR") [Doc. # 2].

Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had original jurisdiction over the action had it been filed in that court. Pursuant to 28 U.S.C. section 1332(a), a district court shall have jurisdiction over a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. To establish diversity jurisdiction under 28 U.S.C. section 1332(a), there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). As there is a "'strong presumption' against removal jurisdiction[,]" an action should be remanded "if there is any doubt as to the right of removal . . . ." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendant asserts that it is incorporated in the state of New York and has its principal place of business in Minnesota. *See* NOR at 3. Defendant also claims that Plaintiff is a citizen of a state other than New York or Minnesota because it is a Utah limited liability company with its principal place of business in Utah. *See id.* Yet, a limited liability company is a citizen of all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-4862-DMG (PLAx) | Date | July 19, 2022 |
|---|---|---|---|
| Title | *Camera 40 Productions, LLC v. Atlantic Specialty Insurance Company* | Page | 2 of 2 |

of the states of which its members and/or owners are citizens. *See Johnson v. Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because Defendant has not identified the states of citizenship of each of Plaintiff's members and/or owners, Defendant has failed to demonstrate that complete diversity exists.

Defendant is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. Defendant shall file a response by no later than **August 2, 2022. Failure to timely file a satisfactory response by this deadline will result in the remand of this action.**

**IT IS SO ORDERED.**